**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MANUEL ALEJANDRO GUERRERO
TOSTADO, AKA Manuel Guerrero, AKA
Manuel Alejandro Guerrero,

No.    15-72365

Agency No. A206-412-099

Petitioner,

v.

MEMORANDUM[*]

MERRICK B. GARLAND, Attorney
General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2022[**]

Before:    SILVERMAN, WATFORD, and FORREST, Circuit judges.

Manuel Alejandro Guerrero Tostado, a native and citizen of Mexico,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

denying his appeal from an immigration judge's decision denying his application

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny the petition for review.

In his opening brief, Guerrero Tostado does not raise, and therefore waives, any challenge to the agency's dispositive determination that his asylum application is time-barred.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-1080 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

Substantial evidence supports the determination that Guerrero Tostado failed to establish that the harm he experienced or fears in Mexico was or would be on account of a protected ground.  *See Ayala v. Holder*, 640 F.3d 1095, 1097-98 (9th Cir. 2011) (applicant did not establish nexus to a particular social group where past harm was motivated by reprisal); *Grava v. INS*, 205 F.3d 1177, 1181 n.3 (9th Cir. 2000) ("Purely personal retribution is, of course, not persecution on account of political opinion.").  We reject as unsupported by the record Guerrero Tostado's contentions that the BIA failed to address issues or otherwise erred in analyzing withholding of removal.  Thus, Guerrero Tostado's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because

15-72365

Guerrero Tostado failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**